UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:93-mj-33-CAN |
| SHERRY L. BARNES, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

The Defendant, Sherry Barnes, [1] (Barnes) has filed a motion asking this Court to expunge her almost 20 year old misdemeanor conviction. For the reasons that follow, the Court now denies her request.

**II.  FACTS**

In the spring of 1991, Barnes worked in a nursing home and became acquainted with one of its residents, Charles Livengood. According to Barnes, and the United States does not contest, Livengood owned a house that he needed to sell. Barnes offered to live in and lease Livengood's house. However, Barnes found the home in need of repairs as well as delinquent in back taxes. Barnes paid for the repairs and back taxes and then offered to purchase Livengood's

---

[1] Ms. Barnes has changed her name to Sherry Lauren. Apparently this name change has caused some confusion and unnecessary delay as originally Ms. Barnes wrote the Court a letter in November 2011 seeking expungement. However, the Court was not aware of her request until a year later in October 2012, when she filed a Motion to Expunge. To avoid further confusion, the Court shall continue to refer to the Defendant as Barnes, the name she used at the time of her sentencing.

home. However, Livengood refused to sell. Barnes then asked Livengood to reimburse her for the cost of repairs and back taxes. Livengood again refused.

Taking matters into her own hands, Barnes undertook what could be described as self help. However, the United States considered Barnes' conduct to be criminal. What she did so long ago that caused her so much trouble is described by the United States; ". . . Sherry Barnes exerted unauthorized control over six first class letters" addressed to Charles Livengood which contained checks in the total amount of $2,480.00. Barnes apparently opened the letters, forged the endorsement and either cashed them or otherwise obtained the proceeds.

The United States Attorney charged Barnes with a violation of Title 18 United States Code, Section 1701, Obstruction of Mail, Class B Misdemeanor. On May 5, 1993, Barnes pleaded guilty, and on June 18, 1993, the Honorable Robin D. Pierce, United States Magistrate Judge, sentenced Barnes to three years probation and ordered Barnes to pay restitution. On June 18, 1996, Barnes was discharged from probation. Now more than twenty years later, after losing one job and not getting another because of her criminal record, Barnes asks this Court to grant her the extraordinary relief of expungement of her criminal record.

## III. ANALYSIS

The first question this Court must address is whether expungement is a remedy available to the Court. If the Court lacks the legal authority to order the expungement of Barnes' criminal record, the Court then is powerless to grant her requested relief. However, even if the Court has the power to grant the relief she seeks, the Court is still required to determine whether under the particular facts of her case the Court should exercise its discretion and order the expungement of her criminal record.

2

As both counsel note, the controlling and instructive case in this circuit is *United States v. Flowers,* 389 F.3d 737 (7th Cir. 2004). In *Flowers,* the Seventh Circuit reversed a district court which had ordered the limited expungement of a criminal conviction. Finding once again that federal courts lack jurisdiction to order expungement of criminal records maintained by the executive branch, the Seventh Circuit also found the district court had abused its discretion in granting the limited expungement of judicially maintained criminal records.

Referring to its earlier decision, *United States v. Janik*, 10 F.3d 470 (7th Cir. 1993), the court noted that while district courts have jurisdiction to expunge records maintained by the judicial branch, the test for expungement is a balancing test: ". . . if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate." *Id.* at 472. This test is a difficult one for Barnes to pass. The Seventh Circuit has acknowledged in that "[a]lthough we have adopted a balancing test, it seems clear that the balance very rarely tips in favor of expungement." *Flowers*, 389 F.3d at 739.

The following cases illustrate how rare expungement is. In *Janik*, although the Defendant's conviction was overturned and he had been rejected for employment because of his criminal record, the Seventh Circuit found that expungement was not called for. *Janik*, 10 F.3d at 472. Similarly, in *Scruggs v. United States*, 929 F.2d 305, 307 (7th Cir. 1991), the Seventh Circuit affirmed the denial of his request to expunge his arrest record despite jury's not-guilty verdict.

The Seventh Circuit is not alone in the view that expungement is an extraordinary remedy. *See; United States v. Friesen*, 853 F.2d 816 (10th Cir. 1988) (attorney acquitted on all

counts of conspiracy to manufacture cocaine was not automatically entitled to expungement of records); *Livingston v. U.S. Dep't. of Justice*, 759, F.2d 74, 78 n. 30 (D.C. Cir. 1985) (neither dismissal of complaint nor acquittal, without more, justifies expungement of arrest record); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir.1984) (expungement of an arrest record is relief confined to "exceptional circumstances"); and *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (expungement granted only in "extreme circumstances").

*Flowers* also explains what constitutes "unwarranted adverse consequences" sufficient to outweigh the public interest in maintaining the records. *Flowers* instructs:

> To outweigh that interest, "unwarranted adverse consequences" must truly be extraordinary. The phrase does not refer to adverse consequences which attend every arrest and conviction. Those are unfortunate but generally not considered *unwarranted* adverse consequences. It is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment.

*Flowers*, 389 F.3d at 739 (emphasis in original). Indeed, the Ninth Circuit has noted that if employment problems resulting from a criminal record were "sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy." *United States v. Smith*, 940 F.2d, 395, 396 (9th Cir. 1991).

As further evidence of the truly extraordinary and rare case that would warrant expungement, neither Barnes nor the United States has cited one case in the Seventh Circuit that has successfully met the *Flowers* test. *See*; *United States v. Wilson*, 2012 WL 5930612, at *3 (N.D. Ind. Nov. 26, 2012) ("Although it is unfortunate that Mr. Wilson cannot participate in his church's prison ministries, this is not the type of unwarranted adverse consequence . . . that would justify expungement."); *United States v. Lee*, 2009 WL 972889, at *1 (S.D. Ill. Apr. 9, 2009)

4

(reasons for expungement must be greater than, "for example, difficulty finding a job"); *United States v. Cook*, 2008 WL 151381, at *2 (N.D. Ill. Jan. 15, 2008) ("The Seventh Circuit . . . specifically excluded inability to secure employment from the list of consequences that will constitute grounds for expungement.").

In view of the very rare and extraordinary circumstances that would warrant expungement, it is clear that Barnes has a very steep hill to climb. Unlike many other defendants who either were acquitted or had their criminal convictions reversed on appeal, Barnes freely admits her criminal conduct. She points to the passage of time and her difficulty with securing employment and maintaining employment, yet neither the passage of time nor adverse employment consequences is sufficient to overcome the public interest in maintaining criminal records.

Barnes had a very minimal criminal record before this incident, consisting of only minor traffic offenses. And, she has distinguished herself and advanced her career since her misdemeanor conviction. These facts show that her conviction almost twenty years ago was indeed an isolated incident, for which she has certainly paid a very high price.

Yet as *Flowers*, *Janik*, and *Scruggs* clearly indicate, the law of the Seventh Circuit only rarely sanctions the extraordinary remedy of expungement. Barnes has simply not shown the unwarranted adverse consequences that would make expungement appropriate.

Barnes attempts to argue for something less - a limited expungement - by citing to procedures used in Indiana courts. Those procedures are simply not available here, and this Court will not follow the suggestion to create something altogether new for this case.

And, finally, as the law of this circuit makes clear, this court has no authority to expunge executive branch criminal records. Therefore, the Defendant's records, which are now located in data bases of unknown executive agencies, would necessarily be beyond the reach of any expungement order of this court. As a result, even if this Court were to grant the Defendant's request, it may well be a hollow victory, because executive law enforcement agencies would be unaffected and the Defendant's criminal record would remain as it is now.

For all of these reasons, the Court is led regrettably to the conclusion that her Motion for Expungement or Restrictions of Access to Records [Doc. No. 21] must be, and now is **DENIED**.

**SO ORDERED.**

Dated December 19, 2012.

s/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge